**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

      **v.**                                 **Case No: 23-CR-339-ACR**

**ETHAN MAUCK**

<u>**BENCH MEMORANDUM ON RULE OF LENITY**</u>

During the bench trial of Mr. Mauck, in response to filings and argument regarding the required knowledge element for proof of Guilt of Count Two and Three, Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(1) and Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(2), the Court requested a brief memorandum on the rule of lenity. Mr. Mauck, by and through counsel, respectfully submits the following in response.

"[T]he touchstone of the rule of lenity is statutory ambiguity." *Burgess v. United States*, 553 U.S. 124, 135-136 (2008) (citing *Bifulco v. United States*, 447 U.S. 381, 387 (1980)). The rule is operative only after all other steps of statutory construction are complete and ambiguity remains. *Id*. Courts have found that the rule only applies when a statute is "grievously ambiguous." See *Wooden v. United States*, 595 U.S. 360, 377 (2022) (Kavanaugh, J., concurring). However, others have found the statute need not be "grievously ambiguous," but merely ambiguous after "statutory interpretation yield[s] no clear answer." *Id* at 395. (Gorsuch, J., concurring). In other words, "all reasonable doubts concerning [a statute's] meaning ought to operate in favor of [the defendant]." *Id* at 393 (Gorsuch, J., concurring) (citing *Harrison v. Vose*, 50 U.S. 372 (1850)).

1

***The Rule of Lenity: As it Applies to Knowledge***

It is well-settled law that a mens rea requirement in a statute is often meant specifically as the recognition of the rule of lenity. *Liparota v. United States*, 471 U.S. 419, 427 (1985) (citing *Rewis v. United States*, 401 U.S. 808, 812 (1971) ("[i]n addition, requiring mens rea is in keeping with our longstanding recognition of the principle that 'ambiguity concerning the ambit of criminal statutes should be resolved in the favor of lenity'")). This ensures that an Accused is put on fair notice as to the alleged crime they are committing. *Wooden*, 595 U.S. at 389 (Gorsuch, J., concurring). Courts have found that the rule requires interpreting a more narrow mens rea requirement that criminalizes less conduct. See *United States v. Godin*, 534 F.3d 51 (1st Cir. 2008) (holding that the rule of lenity required interpreting mens rea requirement of 18 USC 1029A to include knowledge that means of identification belongs to another person); see also *United States v. Nofziger*, 878 F.2d 442, 454 (D.C. Cir. 1989) (applying the rule of lenity to determine that the government had to prove that the employee knew his communication with his former agency was unlawful under 18 USC 207(c)).

Thus if a statute is ambiguous as to the mens rea requirement of the Accused, then the rule of lenity should be applied in favor of the Accused.

***The Rule of Lenity: When Legislative Intent is Ambiguous***

If Congressional intent is ambiguous, the rule of lenity applies. "Even if we harbored any doubt about this—that is, were we unable to find "an unambiguous intent on the part of Congress"—we would "turn to the rule of lenity to resolve the dispute." *United States v. West,* 393 F.3d 1302, 1311 (D.C.Cir.2005); *see also Moskal v. United States,* 498 U.S. 103, 108 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute." (quoting *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct.

2247, 65 L.Ed.2d 205 (1980))). Although "[t]he rule of lenity is not invoked by a grammatical possibility" and "does not apply if the ambiguous reading relied on is an implausible reading of the congressional purpose," *Caron v. United States,* 524 U.S. 308, 316 (1998), the defendant's reading is quite plausible. Thus, even if the legislative history failed to resolve the statute's ambiguity, the rule of lenity would forbid us from "interpret[ing] a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Ladner v. United States,* 358 U.S. 169, 178 (1958)." *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (applying the rule of lenity, among other considerations, in determining that 18 U.S.C. 1028A required knowledge that the stolen identification belonged to another person).

If the Accused's reading of the congressional purpose of a statute is plausible and reasonable minds can differ as to Congressional intent – specifically as it applies to a mens rea requirement – then the rule of lenity should favor the freedom of the person and thus come down on the side of the Accused.

Respectfully submitted,
Ethan Mauck
By Counsel

*Beatrice Diehl*

Beatrice F. Diehl, Esquire
Assistant Federal Public Defender
FL Bar #: 0124667
Office of the Federal Public Defender
210 First St. SW, Suite 400
Roanoke, Virginia 24011
(540) 777-0891

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

*Beatrice Diehl*